UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LUCRECIA J. HOCKADAY,<br>*Plaintiff,*<br><br>v.<br><br>NATIONAL CREDIT ADJUSTERS, L.L.C.,<br>*Defendant.* | §§§§§§§§§§ | CASE NO. 5:18-cv-01018-FB |

## DEFENDANT NATIONAL CREDIT ADJUSTERS, LLC'S
## ANSWER TO PLAINTIFF'S COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant National Credit Adjusters, LLC ("NCA"), and files this Answer to Plaintiff's Complaint, and will show onto this Court as follows:

### NATURE OF THE ACTION

1. NCA admits that Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq.*, and the Texas Debt Collection Act, Tex. Fin. Code Ann. § 392 *et seq.* ("TDCA"). NCA denies any violation of those statutes occurred.

### JURISDICTION AND VENUE

2. NCA lacks knowledge or information sufficient to form a belief about the truth of Paragraph 2; therefore, it denies the same.

3. NCA lacks knowledge or information sufficient to form a belief about the truth of Paragraph 3; therefore, it denies the same.

## PARTIES

4. NCA lacks knowledge or information sufficient to form a belief about the truth of Paragraph 4; therefore, it denies the same.

5. NCA admits Paragraph 5.

6. NCA admits that the quoted language in Paragraph 6 appears on its website. NCA admits that it sometimes attempts to collect outstanding financial obligations owed by individuals across the United States and including Texas, but lacks sufficient knowledge to state whether the individuals, including Plaintiff, qualifies as a consumer under any relevant statute. Defendant admits it is a limited liability company organized under the laws of the state of Kansas and that its registered agent is located at 327 W. 4th Avenue, Hutchinson, KS 67501.

7. Defendant admits Paragraph 7.

8. Defendant admits that as a limited liability company it can only act through its agents and employees acting within the scope of their employment.

## FACTS SUPPORTING CAUSES OF ACTION

9. NCA admits it made calls to a number ending in 0223 in 2018. NCA lacks knowledge or information sufficient to form a belief about the truth of the remainder Paragraph 10; therefore, it denies the same.

10. NCA lacks knowledge or information sufficient to form a belief about the truth of Paragraph 10; therefore, it denies the same.

11. NCA lacks knowledge or information sufficient to form a belief about the truth of Paragraph 11; therefore, it denies the same.

12. NCA lacks knowledge or information sufficient to form a belief about the truth of Paragraph 12; therefore, it denies the same.

13. NCA lacks knowledge or information sufficient to form a belief about the truth of Paragraph 13; therefore, it denies the same. As way of further explanation, Paragraph 12 and Paragraph 13 have different numbers listed.

14. NCA lacks knowledge or information sufficient to form a belief about the truth of Paragraph 14; therefore, it denies the same.

15. NCA lacks knowledge or information sufficient to form a belief about the truth of Paragraph 15; therefore, it denies the same.

16. NCA admits it was trying to collect an outstanding financial obligation owed by Plaintiff's son. NCA lacks knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 16; therefore, it denies the same. As way of further explanation, NCA does not know what phone call Plaintiff is referring to. As way of further explanation, NCA was also trying to collect an outstanding financial obligation from Plaintiff herself.

17. NCA admits that Plaintiff requested that NCA cease calling for Plaintiff's son.

18. NCA denies Paragraph 18.

19. NCA denies Paragraph 19.

20. NCA denies Paragraph 20.

21. NCA lacks knowledge or information sufficient to form a belief about the truth of Paragraph 21; therefore, it denies the same

22. NCA denies Paragraph 22.

23. NCA denies Paragraph 23.

## COUNT I

24. NCA reincorporates the preceding paragraphs as if fully set out herein.

25. NCA lacks knowledge or information sufficient to form a belief about the truth of Paragraph 25; therefore, it denies the same.

26. NCA lacks knowledge or information sufficient to form a belief about the truth of Paragraph 26; therefore, it denies the same.

27. NCA admits it collects outstanding financial obligations owed by others. NCA admits it sometimes refers to itself as a debt collector but lacks sufficient evidence to state whether it qualifies as a debt collector in this particular case. NCA admits its is a member of the ACA.

28. NCA lacks knowledge or information sufficient to form a belief about the truth of Paragraph 28; therefore, it denies the same

29. NCA denies Paragraph 29 as an incomplete and/or inaccurate statement of law.

30. NCA denies Paragraph 30.

31. NCA denies Paragraph 31 as an incomplete and/or inaccurate statement of law.

32. NCA denies Paragraph 32.

33. NCA denies Paragraph 33 as an incomplete and/or inaccurate statement of law.

34. NCA denies Paragraph 34 as an incomplete and/or inaccurate statement of law.

35. NCA denies Paragraph 35.

36. NCA denies Paragraph 36 as an incomplete and/or inaccurate statement of law.

37. NCA denies Paragraph 37.

38. NCA denies Paragraph 38.

NCA denies Plaintiff's Prayer for Relief and denies Plaintiff is entitled to any relief or damages.

## COUNT II

39. NCA reincorporates the preceding paragraphs as if fully set out herein.

40. NCA denies Paragraph 40 as an incomplete and/or inaccurate statement of law.

41. NCA denies Paragraph 41 as an incomplete and/or inaccurate statement of law.

42. NCA denies Paragraph 42.

43. NCA denies Paragraph 43.

44. NCA admits Paragraph 44.

45. NCA denies Paragraph 45.

NCA denies Plaintiff's Prayer for Relief and its subparts, and denies Plaintiff is entitled to any relief or damages.

## COUNT III

46. NCA reincorporates the preceding paragraphs as if fully set out herein.

47. NCA lacks knowledge or information sufficient to form a belief about the truth of Paragraph 47; therefore, it denies the same.

48. NCA lacks knowledge or information sufficient to form a belief about the truth of Paragraph 48; therefore, it denies the same.

49. NCA lacks knowledge or information sufficient to form a belief about the truth of Paragraph 49; therefore, it denies the same.

50. NCA denies Paragraph 50 as an incomplete and/or inaccurate statement of law.

51. NCA denies Paragraph 51.

52. NCA denies Paragraph 52.

53. NCA denies Paragraph 53 as an incomplete and/or inaccurate statement of law.

54. NCA denies Paragraph 54.

55. NCA denies Paragraph 55.

NCA denies Plaintiff's Prayer for Relief and its subparts, and denies Plaintiff is entitled to any relief or damages.

## JURY DEMAND

56. NCA admits Plaintiff seeks a trial by jury in this case.

## AFFIRMATIVE DEFENSES

57. Plaintiff has failed to mitigate damages, if any.

58. Plaintiff's damages, if any, are the result of a pre-existing condition not caused nor exacerbated by CBE.

59. Plaintiff's damages, if any, were caused by a third-party.

60. Plaintiffs proximately caused their own damages, if any.

61. If any violation occurred, it was the result of unintentional bona fide error.

62. All calls were made with the consent of Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Defendant National Credit Adjusters, LLC, respectfully requests that this Court dismiss all claims against it.

Respectfully submitted,

**MALONE AND MARTIN PLLC**

*/s/* Robbie Malone
ROBBIE MALONE
Texas State Bar No. 12876450
Email: rmalone@mamlaw.com
EUGENE XERXES MARTIN, IV
Texas State Bar No. 24078928
Email: xmartin@mamlaw.com
JACOB MICHAEL BACH
Texas State Bar No. 24100919
Email: jbach@mamlaw.com
**MALONE AND MARTIN PLLC**
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
TEL: (214) 346-2630
FAX: (214) 346-2631

***COUNSEL FOR DEFENDANT***
***NATIONAL CREDIT ADJUSTERS, LLC***

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above and foregoing has been forwarded through the **CM/ECF** system on this 20th day of November, 2018 to the following recipients:

Nathan C. Volheim
Taxiarchis Hatzidimitriadis
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
nvolheim@sulaimanlaw.com
thatz@sulaimanlaw.com

                                                  */s/* Robbie Malone
                                                  ROBBIE MALONE